UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80504-CIV-MARRA/JOHNSON

CATHY HARVEY and FRED GALAS,

      Plaintiffs,

vs.

FEDEX GROUND PACKAGE SYSTEM,
INC.,

      Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court *sua sponte*.

I.  Background

Defendant filed its Notice of Removal (DE 1) on March 31, 2009, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]  The removal petition noted that Plaintiffs' state court complaint alleged an unspecified amount of damages.  Plaintiffs' complaint brought claims pursuant to Florida Statute § 448.102 and sought general and compensatory damages, front pay, back pay, prejudgment interest and reasonable attorney's fees and costs based on Plaintiffs' alleged pain and suffering, humiliation, severe emotional distress and mental anguish. Defendant argued that a reasonable reading of the type of claims and damages sought by Plaintiffs exceed the sum of $75,000.00.

---

[1] Under section 1332, the Court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."  A corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff subsequently filed an amended complaint which alleged that the damages "exceed $15,000.00 exclusive of interest, court costs and attorney's fees, but do not exceed $75,000.00, individually, exclusive of interest, court costs and attorney's fees." (DE 4-2.) The Court issued an Order to Show Cause why the case should not be remanded (DE 5). In addition, Plaintiff moved to remand the case on the basis that amount in controversy is not met and stated that the damages are "not expected to exceed $75,000.00 exclusive of interest, court costs and attorney's fees and, as such." (DE 6 at 3.)

II. Discussion

When a defendant removes a case but the exact amount of damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). In the Eleventh Circuit, a Court must "review the propriety of removal on the basis of the removing documents." Lowery, 483 F.3d at 1211. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." Id. Specifically, the Court "considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Id. at 1213; see also Lindsey v. Alabama Telephone Co., 576 F.2d 593, 594 (5th Cir. 1978)[2] ("We must therefore consider whether, when the petition for removal was filed in the district court, the complaint adequately alleged the existence of the jurisdictional amount."). If the evidence is insufficient to establish the Court's

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Lowery, 483 F.3d 1214-15; see also Lindsey, 576 F.2d at 595.

Notably, in filing the removal documents, Defendant provided no evidence such as a letter demanding a sum certain from Plaintiff or responses to discovery requests that demonstrate that Plaintiffs' claims exceed the jurisdictional amount.[3] Instead, Defendant argued that the type of damages sought by Plaintiffs is sufficient evidence to establish the jurisdictional amount for a diversity action. However, in Federated Mutual Insurance Co. v. McKinnon Motors, the Eleventh Circuit rejected the use of prior court awards to establish diversity jurisdiction. In that case, the party seeking federal court jurisdiction asserted that the punitive damages at issue would result in the case exceeding $75,000.00 in damages. Federated Mutual Insurance Co. v. McKinnon Motors, 329 F.3d 805, 809 (11th Cir. 2003). In dismissing this argument, McKinnon stated that "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the] assertion in this case" Id. at 809. Here, Defendant is merely speculating regarding Plaintiffs's damages and attorney fee award and that speculation cannot establish federal court jurisdiction.[4]

---

[3] Defendant did provide evidence for the Court's consideration in responding to the Order to Show Cause. This evidence included an affidavit from Defendant's human resource manager stating her estimate of one of the Plaintiffs' earning potential and publications regarding jury award trends and attorney fee awards. (Ex. A, B, and D, attached to DE 8.) The Court, however, cannot consider evidence outside of the removal documents. See Lowery, 483 F.3d at 1211.

[4] The Court is not persuaded by Defendant's citation to Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287 (11th Cir. 2000), overruled on other grounds, Alvarez v. Uniroyal Tire Co., 508 F.3d 639 (11th Cir. 2007). That case held that if a court had subject matter jurisdiction at the time of removal, a post-removal amendment to the complaint would not divest the court of jurisdiction. Poore, 218 F.3d at 1291. Here, the Court is not basing its ruling on the motion for remand or the amendment to the complaint. Instead, the Court's decision rests on the

In sum, the Court concludes that Defendant has not made a sufficient demonstration that the amount in controversy requirement has been satisfied. Thus, the Court has no option but to remand the instant action back to state court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the above-styled action is **REMANDED** back to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of May, 2009.

_____
KENNETH A.  MARRA
United States District Judge

---

removal documents.